**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRANDON POOLER,

    Petitioner,

vs.                                       Case No.:    3:17-cv-1313-J-39PDB
                                                                          3:15-cr-14-J-39PDB
UNITED STATES OF AMERICA,

    Respondent.

_____

## ORDER

This case is before the Court on Petitioner Brandon Pooler's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion) and Supporting Memorandum (Civ. Doc. 2, Memorandum).[1] Pooler claims that counsel gave ineffective assistance in advising him to plead guilty. The United States moved to dismiss the § 2255 Motion as untimely. (Civ. Doc. 5, Motion to Dismiss). The Court directed Pooler to respond to the Motion to Dismiss, but he did not do so. (See Civ. Doc. 6, Order Directing Response to Motion to Dismiss). The § 2255 Motion is ripe for a decision.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in

---

[1] Citations to the record in the underlying criminal case, United States v. Brandon Pooler, No. 3:15-cr-14-J-39PDB, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:17-cv-1313-J-39PDB, will be denoted as "Civ. Doc. __."

1

assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Pooler's § 2255 Motion is due to be dismissed under the statute of limitations.

I.    **Background**

On February 12, 2015, a federal grand jury charged Pooler with one count of importing Methylenedioxypyrovalerone (MDPV or "Molly") from China, in violation of 21 U.S.C. §§ 952(a) and 960(b)(3) (Count One), as well as one count of possession of MDPV with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Crim. Doc. 10, Indictment). A few months later, on June 29, 2015, Pooler pled guilty to both charges without a plea agreement. (See Crim. Doc. 45, Plea Transcript). With respect to Count One, Pooler admitted that he imported MDPV, a Schedule I controlled substance, from China and that he did so knowingly. Plea Tr. at 19. With respect to Count Two, Pooler admitted that he knowingly possessed MDPV and that he intended to distribute it. Id. at 19-20. The Magistrate Judge who presided over the plea colloquy recommended that "his pleas were intelligently, knowingly, and voluntarily made, and that the facts that he admitted establish the elements of the charged offenses." (Crim. Doc. 25, Report and Recommendation Concerning Guilty Pleas). The Court accepted Pooler's guilty pleas and adjudicated him accordingly. (Crim. Doc. 26, Acceptance of Guilty Plea).

According to the Presentence Investigation Report (PSR), Pooler's advisory sentencing range under the United States Sentencing Guidelines was between 120 and 150 months in prison, based on a total offense level of 27 and a Criminal History Category of V. PSR at ¶ 78. At the sentencing hearing, neither Pooler, his counsel, nor the government had any objections to the PSR. (Crim. Doc. 46, Sentencing Transcript at 4-5).

2

The Court adopted the PSR's guidelines calculation, id. at 21, and sentenced Pooler to concurrent terms of 120 months in prison as to each count, representing the low end of the guidelines range, id. at 23. Pooler did not file a notice of appeal.

The Court entered judgment on October 28, 2015. (See Crim. Doc. 32, Judgment). Because Pooler did not appeal the judgment, his conviction and sentence became final on November 12, 2015, when time expired to file a notice of appeal. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (when a defendant does not appeal the judgment, the conviction and sentence become final once time expires to file a notice of appeal).

## II. The § 2255 Motion

Pooler filed the § 2255 Motion on or about November 15, 2017, more than two years after his conviction and sentence became final. § 2255 Motion at 12. Pooler claims that counsel gave ineffective assistance during plea discussions in two ways. First, Pooler argues that counsel misadvised him about the Guidelines calculation. According to Pooler, "Counsel advised Petitioner to forego proceeding to trial and enter a plea of guilty with the understanding that counsel would challenge the marijuana equivalency ratio for methylone/ ethylone under the Sentencing Guidelines." § 2255 Motion at 4. The Probation Office applied a 500:1 marijuana equivalency ratio in determining how to set the base offense level, which is the same equivalency ratio for methylenedioxymethamphetamine (MDMA) and similar Schedule I hallucinogens. See PSR at ¶ 19; see also U.S.S.G. § 2D1.1, Application Note 8(D) (2014). But Pooler claims that counsel assured him he could persuade the Court to apply a lesser marijuana equivalency ratio, such as 250:1 or 125:1. Memorandum at 13-14. At sentencing, however, counsel did not object or attempt to

3

challenge the 500:1 ratio. Pooler claims he would not have pled guilty and would have proceeded to trial but for counsel's misadvice.

Second, Pooler claims that counsel misadvised him about the mens rea element of the charged offenses. Eleven days before Pooler pled guilty, the United States Supreme Court decided McFadden v. United States, 135 S. Ct. 2298 (2015), which clarified the mens rea element when a defendant is charged under the Controlled Substance Analogue Enforcement Act of 1986 (Analogue Act). The Supreme Court held

> that § 841(a)(1) requires the Government to establish that the defendant knew he was dealing with "a controlled substance." When the substance is an analogue, that knowledge requirement is met if the defendant knew that the substance was controlled under the CSA or the Analogue Act, even if he did not know its identity. The knowledge requirement is also met if the defendant knew the specific features of the substance that make it a "'controlled substance analogue.'"

McFadden, 135 S. Ct. at 2302 (quoting 21 U.S.C. § 802(32)(A)). Pooler claims that counsel failed to advise him about the mens rea requirements set forth in McFadden before he pled guilty. Pooler asserts that, but for counsel's misadvice with respect to the mens rea element, he would not have pled guilty and would have proceeded to trial.

Pooler recognizes that he filed his § 2255 Motion "outside of the one (1) year AEDPA limitations period." Memorandum at 1; see also 28 U.S.C. § 2255(f). However, Pooler suggests that the § 2255 Motion is timely under § 2255(f)(3) because he filed it within one year of the United States Supreme Court's decision in Lee v. United States, 137 S. Ct. 1958 (2017). Lee is discussed further below.

In response, the United States moved to dismiss the § 2255 Motion as time-barred. (Civ. Doc. 5). The United States points out that Pooler filed the § 2255 Motion more than one year after his conviction and sentence became final, making the motion untimely under

4

§ 2255(f)(1). The United States further argues that neither Lee nor McFadden extended the limitations period under § 2255(f)(3). Thus, the United States argues that the Court should dismiss the § 2255 Motion with prejudice.

On August 16, 2018, the Court directed Pooler to respond to the United States' Motion to Dismiss by September 7, 2018. (Civ. Doc. 6). The Court warned Pooler that "failure to file a timely response will result in the Court treating the Motion to Dismiss (Doc. 5) as unopposed." Id. As of today, Pooler has not filed a response. Thus, while the Court deems the United States' Motion to Dismiss unopposed, the Court will explain why the § 2255 Motion is in fact time-barred.

**III.    Discussion**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year statute of limitations for a federal prisoner to file a motion to vacate, set aside, or correct sentence. 28 U.S.C. § 2255(f). The limitations period runs from the latest of four trigger dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "The § 2255(f) statute of limitations 'requires a claim-by-claim approach to determine timeliness.'" Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (citing Zack

5

v. Tucker, 704 F.3d 917, 924, 926 (11th Cir. 2013) (en banc)).

"Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" Id. (citing 28 U.S.C. § 2255(f)(1)). Here, Pooler did not file the § 2255 Motion until more than two years after his conviction and sentence became final. As noted earlier, his conviction became final on November 12, 2015, when time expired to file a notice of appeal. However, Pooler did not file his § 2255 Motion until November 15, 2017. (Civ. Doc. 1 at 12). As such, Pooler's § 2255 Motion is untimely under § 2255(f)(1). Additionally, Pooler does not invoke equitable tolling, actual innocence, or the extended limitations periods under §§ 2255(f)(2) or 2255(f)(4). Indeed, Pooler has been aware of the factual bases for his ineffective assistance claims since the date his conviction and sentence became final.

Pooler suggests that his claims are timely under § 2255(f)(3) because he filed the § 2255 Motion within one year of the Supreme Court's decision in Lee v. United States, 137 S. Ct. 1958 (2017). See § 2255 Motion at 12; Memorandum at 1. As noted above, § 2255(f)(3) applies to a claim that is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Two conditions must be met for a Supreme Court decision to trigger § 2255(f)(3)'s extended limitations period: (1) the Supreme Court's decision must "recognize a new right," and (2) the decision must "be made retroactively applicable on collateral review." Beeman, 871 F.3d at 1219. A Supreme Court decision that "merely clarifies an old rule" applies on collateral review, but such a decision is not new and will not activate § 2255(f)(3). Figuero-Sanchez v. United States, 678 F.3d 1203, 1207 n.4 (11th

6

Cir. 2012).

Lee clarified how to apply Strickland's[2] prejudice standard when a defendant pleads guilty based on counsel's bad advice about the deportation consequences of a conviction. But Lee was not the first decision of its kind. More than three decades before Lee, the Supreme Court held that when a defendant claims his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Then, in Padilla v. Kentucky, 559 U.S. 356 (2010), the Supreme Court held for the first time "that advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel," id. at 366, and "that counsel must inform her client whether his plea carries a risk of deportation," id. at 374. The Supreme Court in Padilla did not reach the prejudice analysis, but remanded the case for further proceedings to address that issue. Id. at 374-75.

Lee picked up where Padilla left off by addressing how to apply the prejudice analysis to a Padilla claim. The defendant in Lee was charged with a drug crime and had no viable defense. So, on the advice of counsel, Lee accepted a plea that reduced his potential prison sentence. Lee, 137 S. Ct. at 1962. However, Lee's attorney wrongly assured him that there was nothing to worry about in terms of deportation. Id. Lee's attorney was mistaken because the felony drug conviction subjected Lee to mandatory

---

[2] Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) (to succeed on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defendant; to establish prejudice, the defendant must show that there is a reasonable probability that the result of the proceeding would have been different if not for counsel's error).

7

removal. But uncontroverted evidence showed that avoiding deportation was the single most important consideration for Lee, such that he would have gone to trial and risked more time in prison, no matter how slim the odds of an acquittal, in exchange for the slightest chance of avoiding deportation. Id. at 1967-68. The Supreme Court observed that "common sense (not to mention our precedent) recognizes that there is more to consider than simply the likelihood of success at trial." Id. at 1966 (emphasis added). The Supreme Court further noted that counsel's "error was … one that affected Lee's understanding of the consequences of pleading guilty," and that "[t]he Court confronted precisely this kind of error in Hill." Id. at 1965 (citing Hill, 474 U.S. at 60). Given the undisputed facts, the Supreme Court "conclude[d] that Lee ha[d] adequately demonstrated a reasonable probability that he would have rejected the plea had he known that it would lead to mandatory deportation." Id. at 1967. Thus, the Supreme Court drew on its precedent in Hill, among other cases, to hold that Lee had demonstrated prejudice.

The Supreme Court's decision in Lee cannot trigger § 2255(f)(3)'s extended statute of limitations because Lee did not recognize a new right. Instead, Lee merely clarified how to apply the prejudice inquiry under Strickland, Hill, and Padilla. As the majority opinion in Lee illustrated, its holding that the defendant had been prejudiced by counsel's advice flowed from the Court's existing precedents, including Hill in particular. See Lee, 137 S. Ct. at 1965. Therefore, Lee does not satisfy § 2255(f)(3)'s "newness" requirement. Indeed, it appears that every other court to have addressed the question has concluded that Lee does not trigger § 2255(f)(3) because it did not break any new ground. E.g., Carvlin v. United States, No. 3:09-CR-00036, 2018 WL 5078351, at *3 (M.D. Pa. Oct. 18, 2018) ("Lee merely clarified that the prejudice standard from Hill v. Lockhart is focused on 'what

an individual defendant would have done, [and] the possibility of even a highly improbable result may be pertinent to the extent it would have affected his decisionmaking.'") (quoting Lee, 137 S. Ct. at 1967); Collins v. United States, No. 17-cv-3151, 2018 WL 283237, at *2 (C.D. Ill. Jan. 3, 2018) ("the Supreme Court did not recognize a new right in Lee" because Lee only "clarified the procedure for showing prejudice in the context of ineffective assistance on a guilty plea" and "was merely applying the principles of Hill v. Lockhart.").[3]

Accordingly, the Court finds that Pooler's § 2255 Motion is untimely under § 2255(f)(1), and Lee cannot save the motion under § 2255(f)(3).[4] As the United States points out in its Motion to Dismiss, if Pooler wished to argue that counsel's pre-plea advice was constitutionally ineffective, the legal bases for his claims were available to him well before the Supreme Court decided Lee. See Motion to Dismiss at 6-9. The Supreme Court's decisions in Hill v. Lockhart, 474 U.S. 52, and McFadden v. United States, 135 S. Ct. 2298, as well as the Eleventh Circuit's decision in Hernandez v. United States, 778 F.3d 1230 (11th Cir. 2015) (holding that a § 2255 movant was entitled to an evidentiary hearing where he alleged he would have gone to trial but for counsel's wrong advice about the deportation consequences of pleading guilty), were available to Pooler before § 2255(f)(1)'s limitations period expired.[5] Because Pooler could have raised his ineffective assistance claims in a timely fashion but he failed to do so, his claims are due to be

---

[3] Even if Lee did announce a new right that applies retroactively on collateral review, it is doubtful that Lee applies to either of Pooler's claims, neither of which relates to counsel's advice regarding the deportation consequences of entering a guilty plea.

[4] The Court does not construe Pooler's filings as arguing that the Supreme Court's decision in McFadden, 135 S. Ct. 2298, extended the statute of limitations under § 2255(f)(3). Even if he so intended, however, such an argument would fail because McFadden was decided before Pooler pled guilty. Therefore, McFadden could not have extended the statute of limitations beyond that provided by § 2255(f)(1).

[5] This is not to suggest that Pooler's claims would have been meritorious otherwise.

9

dismissed as time-barred.

Therefore, it is hereby **ORDERED:**

1. The United States' Motion to Dismiss as Untimely Defendant's Motion Under 28 U.S.C. § 2255 (Civ. Doc. 5) is **GRANTED**. Petitioner Brandon Pooler's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITH PREJUDICE**.

2. The Clerk should enter judgment in favor of the United States and against Pooler, and close the file.

3. If Pooler appeals the denial of his motion, the Court denies a certificate of appealability (COA).[6] Because this Court has determined that a COA is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of December, 2019.

BRIAN J. DAVIS
United States District Judge

---

[6] This Court should issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court finds that a COA is not warranted.

lc 19

Copies:
Counsel of record
Petitioner